No. 20,541.

Duane L. Christensen *v*. Doty Agency of
Credit Control, Inc.
(392 P. [2d] 168)

Decided May 11, 1964.

Messrs. Richeson and Lawler, for plaintiff in error.

Mr. Bruce Ownbey, Mr. David G. Manter, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

Plaintiff in error, hereinafter referred to as the defendant, suffered an adverse judgment entered in favor of Doty Agency of Credit Control, Inc. The complaint filed by the latter was brought upon a promissory note

admittedly signed by the defendant. It was alleged in said complaint:

"1. That the amount in controversy does not exceed $2,000.00.

"2. That on or about the 30th day of September, 1960, at Denver, Colorado, the Defendant made and executed his promissory note in writing to the order of Dairy Investment Co., a Colorado Corporation, in the amount of $1,000.00, for value received; that a copy of said note is attached hereto and made a part hereof as Exhibit "A".

"3. That no amount thereof has been paid except the sum of $392.84; that the sum of $607.16 is now due and owing.

"4. That said note has been assigned the Plaintiff herein.

"WHEREFORE, Plaintiff prays judgment against the Defendant in the amount of $607.16, interest according to law, attorney fees, costs of this action and for such other and further relief as this Honorable Court seems meet and proper."

Attached to the complaint as Exhibit "A" was a copy of said promissory note, pertinent provisions of which are as follows:

"$1,000.00 Denver, Colorado, September 30, 1960 in 36 equal monthly installments beginning Nov. 10, 1960, after date, for value received I promise to pay to the order of DAIRY INVESTMENT CO., a Colorado Corporation One-Thousand-and-no/100 Dollars, at the office of DAIRY INVESTMENT CO., Denver, Colorado with interest at the rate of 12 per cent per annum, from September 30, 1960 until paid; interest payable Monthly * * * ."

The note contained provisions concerning the deposit with the payee of certain collateral security, none of which are material to the question upon which the issues are decided. The note contained no acceleration clause.

We direct attention to the fact that on the face of the complaint and the promissory note upon which it was based, the following appears:

1. The note was signed September 30, 1960.

2. The principal was to be paid in 36 equal monthly payments (amounting to approximately $27.77 per month).

3. It is alleged in the complaint that $392.84 had been paid on said note when the complaint was filed, and the action was commenced June 2, 1961. Under the terms of the note only eight payments were due at the time the action was commenced, and it thus appears on the face of the record that there was no default on the part of the defendant in making the payments as required by the note. On the contrary, it affirmatively appears that approximately $170.00 more had been paid on the note than was due and payable at the time suit was brought. There is nothing in the pleadings and nothing whatever in the evidence to justify the entry of judgment in favor of the plaintiff Doty Agency of Credit Control, Inc. on any issues framed by the pleadings in this case.

In addition to the foregoing we direct attention to the fact that the payee named in the note was a corporation other than the plaintiff in the trial court. It is alleged in the complaint that plaintiff is the assignee of the payee named in the note, but this allegation is denied. There is not a word of evidence in the record tending to prove any assignment of the note to plaintiff, and the note itself bears no endorsement.

The judgment is reversed without prejudice to the right of a proper plaintiff to seek relief if a default in the terms of the note occurs. The cause is remanded with directions to dismiss the complaint.

MR. JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur.